UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Badger Daylighting Corp.,

Plaintiff,

v.

Aaron Simon,

Defendant.

Case No. 3:26-cv-2163

MEMORANDUM OPINION AND ORDER

## I. INTRODUCTION

Plaintiff Badger Daylighting Corporation filed a motion for expedited discovery in this lawsuit against Badger's former employee, Defendant Aaron Simon. (Doc. No. 4). Badger "seeks the opportunity to discover evidence through the limited interrogatories and document/information requests proposed and then by taking Defendant's deposition." (*Id.* at 4). The parties' attempts to negotiate the scope of any early discovery were ultimately unsuccessful, (*see* Doc. Nos. 10 and 11), and Simon filed a brief in opposition to the motion. (Doc. No. 9). Badger subsequently filed a brief in reply. (Doc. No. 12). For the reasons stated below, I deny the motion.

## II. DISCUSSION

Rule 26 prohibits parties from issuing discovery requests to "any source" until after the initial case management conference, except in limited circumstances, such as by "court order." Fed. R. Civ. P. 26(d)(1). While courts have discretion to permit expedited discovery, they "typically apply a good cause standard" and place the burden on the party seeking expedited discovery to demonstrate good cause exists. *Russell v. Lumpkin*, No. CIV.A. 2:10-CV-00314, 2010 WL 1882139,

at *2 (S.D. Ohio May 11, 2010) (citing *Lemkin v. Bell's Precision Grinding,* No. 2:08–CV–789, 2009 WL 1542731, at * 1 (S.D. Ohio June 2, 2009)) (further citation omitted). "To justify departing from the normal discovery regimen, however, the discovery request should be 'limited.'" *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, No. 1:10-CV-229, 2010 WL 1418032, at *1 (W.D. Mich. Apr. 6, 2010).

Badger has not met its burden to show expedited discovery is warranted in this case. Badger repeatedly refers to its written discovery requests as "limited." (*See, e.g.,* Doc. No. 4 at 4, 5; Doc. No. 12 at 4, 8). But, while Badger contends its discovery requests are necessary to determine whether it "will have to seek preliminary injunctive relief to prevent further harm," (Doc. No. 4 at 4), its proffered discovery requests extend far beyond that purportedly limited purpose.[1] Badger seeks to require Simon to, among other things:

- State the names, addresses, telephone numbers, and current employer(s), if known, of all persons with knowledge relevant to this dispute and briefly summarize their knowledge.

- Identify and describe all communications you had with any person affiliated with Evergreen prior to your resignation from Badger, including the dates, participants, methods of communication, and substance of each communication.

- Identify all personal email accounts that you have used to store, access, or transmit any information from January 1, 2026 to the present.

- Identify each and every computer, electronic tablet, hard drive or other data storage device that you have maintained or used from January 1, 2026 through present. Your response should include the model information and dates during which the device was used.

- Identify each and every document, other piece of information, or item of property that belongs to Badger or that Badger has provided to you, which you took with you after leaving your employment with Badger and/or which is still in your possession, custody, or control.

(Doc. No. 4-1 at 7-8).

---

[1] Because of the vast breadth of many of Badger's discovery requests, I decline its invitation "to limit the scope" of Badger's proposed requests to the information needed to support a not-yet-filed motion for a preliminary injunction. (Doc. No. 12 at 11 n.1).

Badger also would require Simon to produce "[a]ll phone bills showing all calls and text messages you made and received from January 1, 2026 to the present," as well as "[a]ll documents you plan to use as an exhibit in any hearing or trial in this litigation." (*Id.* at 12).

I conclude Badger has not carried its burden to show its expedited discovery requests are "narrowly tailored to obtain information relevant to the determination of [a] preliminary injunction." *5ifth Element Creative, LLC v. Kirsch*, No. 5:10-CV-255-KKC, 2010 WL 4102907, at *2 (E.D. Ky. Oct. 18, 2010) (citation omitted). Nor can Badger satisfy its burden to show good cause by contending I should disregard representations made by Simon's attorneys in signed and filed documents subject to Federal Rule of Civil Procedure 11. (*See* Doc. No. 12 at 5-6).

Badger's "need for expedited discovery, in consideration of the administration of justice," does not outweigh the prejudice Simon would suffer. *Russell*, 2010 WL 1882139, at *2. Therefore, I deny Badger's motion.

## III. Conclusion

For the reasons stated above, I deny the motion of Badger Daylighting Corporation for leave to conduct expediated discovery. (Doc. No. 4).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge