UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Badger Daylighting Corp.,

Plaintiff,

v.

Aaron Simon,

Defendant.

Case No. 3:26-cv-2163

ORDER

Plaintiff Badger Daylighting Corp. has filed an "unopposed motion for leave to file deposition transcripts and exhibits under seal." (Doc. No. 28). Plaintiff alleges the subject documents must be filed under seal because they "include information that both parties may choose to designate as 'Confidential' and 'Attorneys' Eyes Only' under the Protective Order." (*Id.* at 1). But Plaintiff does not acknowledge or apply the law of this Circuit, as set forth in *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305-06 (6th Cir. 2016), which requires that "[t]he proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" 825 F.3d at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

Because Plaintiff falls short of its burden, I cannot fulfill my "obligation to explain the basis for sealing [these] records . . . independent of whether anyone objects to it." *Shane Group, Inc.*, 825 F.34 at 306. Therefore, I deny Plaintiff's motion to the extent it seeks to *permanently* seal these documents. But to ensure the denial of this motion does not interfere with the ongoing preliminary

injunction proceedings, I grant Plaintiff leave to file these documents under seal on a conditional basis.

To maintain the seal of any filing, Plaintiff will be required to make the requisite showing and may be required to file a redacted copy of the sealed filing on the public docket. See *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). But at this time, no addition motion to maintain the seal or redacted filing is required.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge